UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Wilbert Kitson Andrew Turner,

                       Plaintiff,                    **ORDER**

      -against-                                  18 Civ. 3370 (AEK)

Dr. Raul Ulloa, et al.,

                       Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

     On October 26, 2020, the Court issued an order granting the pro se Plaintiff an extension of time to serve and file his papers in opposition to Defendants' motion for summary judgment. ECF No. 110 ("October 26 Order"). As explained in the October 26 Order, Defendants had originally filed their motion for summary judgment on August 24, 2020, ECF Nos. 94-99, and served it on Plaintiff on August 25, 2020, ECF No. 101; Defendants also served and filed an amended declaration from one of Defendants' attorneys on August 28, 2020. ECF Nos. 102-103. Due to docketing errors, however, Defendants had to re-file all of their motion papers, see ECF Nos. 104-108, and they served these papers on Plaintiff on September 25, 2020, ECF No. 109. Although Plaintiff's opposition papers were originally supposed to be served and filed by September 28, 2020, Plaintiff had neither served and filed his opposition papers nor requested additional time in which to do so. Nonetheless, because of the arguable confusion created by the multiple filings of Defendants' papers, the October 26 Order gave Plaintiff until November 23, 2020 to serve and file his opposition papers and gave Defendants until December 7, 2020 to serve and file their reply papers. Plaintiff failed to serve and file his opposition papers by

---

[1] This case was reassigned to the undersigned on October 15, 2020.

November 23, 2020 and did not ask the Court for an extension of time in which to do so. Accordingly, on December 7, 2020, Defendants filed a letter in which they requested that the motion for summary judgment "be deemed submitted and unopposed." ECF No. 111. To date, Plaintiff has neither filed an opposition to the motion nor contacted the Court in any way.

"A summary judgment motion in a pro se case may be granted as unopposed if: (1) the plaintiff has received adequate notice that failure to file any opposition may result in dismissal of the case; and (2) the Court is satisfied that the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law." McNair v. Ponte, No. 17-cv-2976 (AT) (GWG), 2020 WL 3402815, at *3 (S.D.N.Y. June 18, 2020) (quotation marks omitted); see Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996) (per curiam). Here, Defendants' original set of motion papers, which was filed on August 24, 2020 and served on Plaintiff on August 25, 2020, included, in accordance with Local Civil Rule 56.2, a "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment" ("Notice"), which explained to Plaintiff that his claims might be dismissed if he failed to respond to the motion. See ECF Nos. 95, 101.[2] When Defendants re-filed and re-served their motion papers, however, they did not include the Local Civil Rule 56.2 Notice. See ECF No. 104-109.

In an abundance of caution, to ensure that Plaintiff has received adequate notice of the potential consequences of his failure to respond to Defendants' motion for summary judgment, the Court hereby attaches to this order a copy of the "Notice To Pro Se Litigant Who Opposes a

---

[2] Although the Notice included a copy of Rule 56 of the Federal Rules of Civil Procedure, it did not include a copy of Local Civil Rule 56.1, as required. See ECF No. 95; Local Civil Rule 56.2 ("Any represented party moving for summary judgment against a party proceeding pro se shall serve and file as a separate document, together with the papers in support of the motion, the following 'Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment' with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached.").

Motion for Summary Judgment" required by Local Civil Rule 56.2, including copies of both Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1.  Plaintiff is hereby given one final opportunity to file an opposition to Defendants' motion for summary judgment.  Plaintiff must serve and file his opposition papers **by no later than October 12, 2021**.  Defendants must serve and file their reply papers, if any, **by no later than October 26, 2021**.

**If Plaintiff fails to serve and file his opposition papers by October 12, 2021, the Court will consider Defendants' motion for summary judgment unopposed, which could lead to the dismissal of Plaintiffs' claims without a trial.**

The Clerk of the Court is directed to mail a copy of this order to the <u>pro se</u> Plaintiff.

Dated: September 10, 2021
       White Plains, New York

                                      **SO ORDERED.**

                                      ANDREW E. KRAUSE
                                      United States Magistrate Judge

**NOTICE TO PRO SE LITIGANT WHO OPPOSES**
**A MOTION FOR SUMMARY JUDGMENT**

The defendant in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the defendant has asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing sworn affidavits and other papers as required by Rule 56(e) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1. An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 of the Federal Rules of Civil Procedure and of Local Civil Rule 56.1 is attached.

In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising material issues of fact for trial. Any witness statements must be in the form of affidavits. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion for summary judgment.

If you do not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the material facts asserted by the defendant, the court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

> United States Code Annotated
>    Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
>      Title VII. Judgment

Federal Rules of Civil Procedure Rule 56

Rule 56. Summary Judgment [Rule Text & Notes of Decisions subdivisions I to XV]

Currentness

<Notes of Decisions for 28 USCA Federal Rules of Civil Procedure Rule 56 are displayed in multiple documents.>

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

   **(1)** *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

     **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

     **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

   **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

   **(3)** *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.

   **(4)** *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

**(1)** defer considering the motion or deny it;

**(2)** allow time to obtain affidavits or declarations or to take discovery; or

**(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

**(1)** give an opportunity to properly support or address the fact;

**(2)** consider the fact undisputed for purposes of the motion;

**(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

**(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

**(1)** grant summary judgment for a nonmovant;

**(2)** grant the motion on grounds not raised by a party; or

**(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

**CREDIT(S)**

(Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007; March 26, 2009, effective December 1, 2009; April 28, 2010, effective December 1, 2010.)

Fed. Rules Civ. Proc. Rule 56, 28 U.S.C.A., FRCP Rule 56
Including Amendments Received Through 9-1-21

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

**Local Civil Rule 56.1.  Statements of Material Facts on Motion for Summary Judgment**

(a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.  Failure to submit such a statement may constitute grounds for denial of the motion.

(b) The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

(c) Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

(d) Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).